**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GIANCARLO MONTJOY,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-02467-JLB-AAS**

**MGT IMPACT SOLUTIONS, LLC,**

**Defendant.**
______________________________________/

**ORDER**

Defendant MGT Impact Solutions, LLC (MGT) moves to stay discovery pending a ruling on its motion to dismiss. (Doc. 21). Plaintiff Giancarlo Montjoy opposes the motion. (Doc. 18).

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. App'x 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL

4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

Mr. Montjoy's amended complaint asserts claims for retaliation under Title VII and the Florida Civil Rights Act (FCRA), breach of his Employment Agreement and Offer Letter, and breach of the implied covenant of good faith and fair dealing. (*See* Doc. 12). MGT moves for dismissal of this action with prejudice arguing: (1) the Title VII and FCRA retaliation claims fail because Mr. Montjoy concedes he never complained of discrimination based on any characteristic protected by Title VII, his EEOC online inquiry was not protected participation, and he does not plausibly allege that any decisionmaker knew of it or that it caused his termination; (2) the FCRA claim independently fails because Mr. Montjoy did not satisfy the pre-suit requirements of Fla. Stat. § 760.11; (3) Mr. Montjoy's breach of contract claims fail because the amended complaint and its exhibits identify no breach of any

express term of the Employment Agreement or Offer Letter; and (4) Mr. Montjoy's implied covenant claims fail because he fails to identify an underlying breach of an express contract term, and the covenant cannot create compensation rights the parties' agreements do not provide. (*See* Doc. 14).

Without remarking on the merits of the MGT's motion, the court finds good cause for a temporary stay of discovery. *See David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606 at *2 (M.D. Fla. Apr. 14, 2020) (staying discovery because the motion to dismiss raised "potentially meritorious" challenges, which outweighed any potential harm to the plaintiff). MGT's motion to dismiss presents a nonfrivolous challenge to Mr. Montjoy's claims. Although a stay will delay discovery, the resulting harm is minimal compared to the benefits of saving time, money, and resources if the court determines that Mr. Montjoy's amended complaint is subject to dismissal.

Accordingly, MGT's motion to stay discovery (Doc. 16) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on MGT's motion to dismiss (Doc. 14).

**ORDERED** in Tampa, Florida, on November 9, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge